## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Hon. David D. Cleary |
| | Case No. 23-05260 |
| Bobby Binion, | Chapter 13 |
| Debtor. | Hearing Date:  June 26, 2023 |
| | Hearing Time:  2:00 p.m. |

TO:   See attached list

    PLEASE TAKE NOTICE that on June 26, 2023 at 2:00 p.m., I will appear before the Honorable David D. Cleary, or any judge sitting in that judge's place, **either** in courtroom 644 of the Everett McKinley Dirksen United States Courthouse, 219 S. Dearborn Street, Chicago, IL 60604, **or** electronically as described below, and present the City of Chicago's Motion to Dismiss Debtor's Chapter 13 Case and Barring Refiling, a copy of which is attached.

    **All parties in interest, including the movant, may appear for the presentment of the motion either in person or electronically using Zoom for Government (audio only).**

    **To appear by Zoom using the internet**, use this link: https://www.zoomgov.com/.  Then enter the meeting ID and passcode.

    **To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666.  Then enter the meeting ID and passcode.

    **Meeting ID and password**.  The meeting ID for this hearing is 161 122 6457 and the passcode is Cleary644.  The meeting ID and passcode can also be found on the judge's page on the court's web site.

    **If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date.  If a Notice of Objection is timely filed, the motion will be called on the presentment date.  If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

THE CITY OF CHICAGO
Acting Corporation Counsel
Mary B. Richardson-Lowry

By: /s/ Jaime Dowell
    Assistant Corporation Counsel

David Paul Holtkamp
Chief Assistant Corporation Counsel
Jaime Dowell (ARDC# 6281312)
Assistant Corporation Counsel
City of Chicago Department of Law
121 N. LaSalle St., Ste. 400
Chicago, IL 60602
312-742-0056
jaime.dowell@cityofchicago.org

## SERVICE LIST

<u>Via U.S.P.S.</u>
Bobby Binion
5404 South Drexel Avenue
Chicago, IL  60615


<u>Via ECF</u>
Marilyn O Marshall courtdocs@chi13.com

Patrick S Layng
USTPRegion11.ES.ECF@usdoj.gov




## CERTIFICATE OF SERVICE

    I, Jaime Dowell, an attorney, certify that I served a copy of this notice and the attached motion on each entity shown on the foregoing list at the address shown and by the method indicated on the list on June 8, 2023.

                                                          /s/ Jaime Dowell

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re:<br><br>Bobby Binion,<br><br>Debtor. | Hon. David D. Cleary<br><br>Case No. 23-05260<br>Chapter 13<br><br>Hearing Date: June 12, 2023<br>Hearing Time: 2:30 p.m. |

**CITY OF CHICAGO'S MOTION TO DISMISS
DEBTOR'S CHAPTER 13 CASE AND BARRING REFILING**

The City of Chicago (the "*City*"), a creditor in this proceeding, seeks entry of an order dismissing Bobby Binion's case and barring refiling for 3 years, pursuant to 11 U.S.C. §§ 109(g) and 1307(c).

## I. BACKGROUND

Bobby Binion (the "*Debtor*" or "*Binion*") filed the instant case on April 21, 2023. *See* Dkt. No. 1. Binion has now filed six chapter 13 cases since 2008 and not one has gotten off the ground. Binion's cases are summarized below:

| Case No. | Filed | Dismissed | Reason for Dismissal |
|---|---|---|---|
| 08-15861 | June 20, 2008 | Oct. 3, 2008 | Failure to provide tax returns |
| 09-06182 | Feb. 26, 2009 | June 1, 2009 | Failure to make plan payments |
| 09-20888 | June 9, 2009 | Sept. 24, 2009 | Unreasonable delay for failing to provide affidavit of compliance, market analysis, and payment default |
| 22-11001 | Sept. 26, 2022 | Oct. 31, 2022 | Failure to file a plan |
| 23-00298 | Jan. 10, 2023 | Mar. 1, 2023 | Failure to file schedules, plan, SoFA |
| 23-05260 | Apr. 21, 2023 | N/A | N/A |

However, looking at Binion's cases alone does not tell the whole story. Binion's wife or partner, Chiquita Mahon, has filed four of her own cases over the years: the

first in 2005, and then three more starting in 2019 with the final two both in 2022. Mahon's cases are as follows:

| Case No. | Filed | Dismissed | Reason for Dismissal |
|---|---|---|---|
| 05-09167 | Mar. 15, 2005 | May 3, 2006 | Debtor voluntarily dismissed |
| 19-31685 | Nov. 6, 2019 | Jan. 21, 2020 | Ch. 7 Dismissed for failure to file required documents |
| 22-00365 | Jan. 12, 2022 | April 4, 2022 | Dismissed for denial of confirmation |
| 22-05954 | May 25, 2022 | Aug. 23, 2022 | N/A Ch. 7 Discharge |

The primary driver behind both the Debtor's bankruptcy filings and those of his partner, Mahon, is to abuse the bankruptcy process to shield their home at 5404 South Drexel Avenue, Chicago, Illinois (the "*Drexel Property*") from their creditors and City enforcement.

The Debtor and Mahon acquired the Drexel Property in 1994 for $150,000 as joint tenants by warranty deed. *See* Cook County Clerk's Recordings Division ("CCRD")[1], Doc. No.04007489. In 1997 a judgment was recorded against Mahon. *See id.* at Doc. No. 97610691. In early 1998 the Drexel Property was transferred into a trust. *See id.* at Doc. No. 98362329. The next year the trust then transferred the property back to both Binion and Mahon. *See id.* at Doc. No. 99353047. They immediately then quit claimed the property to Binion, thus taking Mahon off title. *See id.* at Doc. No. 99392703. Binion obtained a new mortgage on the property for $331,500. *See id.* at Doc. No. 99394169. Binion then obtained another mortgage for $233,000, *see id.* Doc. No. 00860296, and promptly defaulted on that mortgage leading to a foreclosure being filed on August 9, 2001, *see id.* at Doc. No. 0010732183. A couple of months later the

---

[1] Documents cited can be accessed through https://www.cookcountyclerkil.gov/recordings.

2

Debtor transferred the property to Mahon only, *see id.* at Doc. No. 0011070966, and Mahon placed a mortgage against the property for $315,000, *see id.* at Doc. No. 0011070967. This paid off and released the mortgage Binion had obtained that was being foreclosed. *See id.* at Doc. No. 0020770261.

Mahon then promptly defaulted on her mortgage leading to a foreclosure case being filed against her in federal district court (Case No. 03-cv-4480 (N.D. Ill.) (the "District Court Case")) on June 27, 2003. *See id.* at Doc. No. 0318204144. Mahon was represented by attorney Dennis Segovia ("*Segovia*") in that case. *See* District Court Case, Dkt. No. 3. Segovia worked extensively with the Debtor and Mahon, as shown below, and has now been permanently disbarred because of actions he took on behalf of the Debtor in other proceedings. *In re Segovia,* ARDC Report and Recommendation, attached as **Exhibit A**. Although the foreclosure was still pending in federal court, Mahon purported to transfer the Drexel Property to the North American Receivership Caretaker Association ("*North American*") in December 2004. *See* CCRD Doc. No. 0436412001. Segovia, Mahon's attorney in the foreclosure, was listed as the registered agent with the Drexel Property listed as the mailing address. On the same day the Drexel Property was purportedly transferred to North American a purported release was recorded attempting to release the mortgage that was currently in foreclosure citing the "United State [sic] of America release act" providing the "lending company is acceptable to accept a lost of the mortgage claim." *See* CCRD Doc. No. 0436412000. That same purported release, typos and all, was recorded again a month later just with a different amount owed. *See id.* at Doc No. 0502119133. These

3

documents appear to have been fabricated to continue the Debtor and Mahon's efforts to frustrate their creditors.

The district court entered an order of foreclosure on March 15, 2005. *See* District Court Case Dkt. No. 37. On that same day Mahon filed her first chapter 13 bankruptcy case. *See* Case No. 05-bk-09167 (Bankr. N.D. Ill.). That case was filed by William R. Jackson, who like Segovia, has been permanently disbarred. *See In re Jackson,* ARDC Report and Recommendation, attached as **Exhibit B**. Although the record of deeds showed that the Drexel Property was owned by North American when Mahon filed her bankruptcy case, she claimed ownership of that property and attempted to retain it in her plan. Two days after the bankruptcy was filed, North American purported to transfer the Drexel Property to Binion. *See* CCRD Doc. No. 0516627111. That deed was notarized by Mahon herself. *See id.*. Nothing in the bankruptcy case nor in the District Court Case discloses this purported transfer of the Drexel Property to Binion. In 2006, after transferring the Drexel Property to Binion again, Mahon voluntarily dismissed her bankruptcy case.

In July 2006 the bank foreclosing on Mohan's mortgage against the Drexel Property in federal court dismissed the case. *See* District Court Case Dkt. No. 42. But that mortgage was not released. Instead, apparently not knowing of the purported transfers during the bankruptcy case from Mahon to North American and then from North American to the Debtor, the bank refiled the foreclosure proceeding against Mahon in state court on August 30, 2006. *See* CCRD Doc. No. 0624310159.

In the meantime, in early 2006 Binion placed his own mortgage on the Drexel

4

Property for $280,000. *See id.* at Doc. No. 0601041146. In August 2006 Binion refinanced that mortgage with another larger mortgage, this time for $413,850, *see id.* at Doc. No. 0623740210, thereby releasing Binion's prior mortgage for $280,000, *see id.* at Doc. No. 0713842197. Binion then also quickly defaulted on the mortgage and another foreclosure was filed against the Drexel Property on August 7, 2007. *See id.* at Doc. No. 0721960108. Therefore, at this point Binion (the Debtor here) owned the property on paper but he and Mohan individually had outstanding mortgages against the property with pending foreclosure cases.

In 2008 and 2009 the City recorded a significant number of judgments against the Debtor for violations incurred at properties that he owned, which became liens against the Drexel Property. *See, e.g., id.* at Doc. Nos. 0824626081, 0824626083, 0824626080, 0824626082, 0824626079, 0934935079, 0934935077, 0934935074, 0934935073, 0934935080, 0934935078, 0934935075, 0934935081, 0934935076.

At this point Binion decided to start abusing the bankruptcy system himself. In June 2008 Binion filed his first case pro se. *See* Case No. 08-bk-15861 (Bankr. N.D. Ill.). The now-disbarred attorney Dennis Segovia began representing Binion in that case in September 2008. *See id.* at Dkt. No. 36. During the case, Lloyd's London filed an adversary proceeding against Binion based on purported fraudulent activity when Binion obtained mortgages for different properties. *See id.* at Dkt. No. 38. But that adversary was dismissed when the underlying bankruptcy was dismissed. The bankruptcy case was dismissed because Binion didn't provide his tax returns. *See id.* at Dkt. No. 48.

5

A few months later the Debtor filed another chapter 13 case. *See* Case No. 09-bk-06182 (Bankr. N.D. Ill.). Segovia later filed an appearance as attorney for the Debtor. *See id.* at Dkt. No. 21. There the Debtor filed a motion to extend the automatic stay, *see id.* at Dkt. No. 16, but that motion was denied, *see id.* at Dkt. No. 23. Segovia then filed a motion to reconsider denial of the Debtor's motion to extend the stay, *see id.* at Dkt. No 25, which was also promptly denied, *see id.* at Dkt. No. 29. Several creditors then filed motions to confirm termination of the stay, all of which were granted. *See id.* at Dkt. Nos. 33, 35, 44. During this case the Debtor did not make any plan payments leading to the dismissal of the case. *See id.* at Dkt. Nos. 43, 54.

Then, only days after his second case was dismissed, the Debtor filed his third case. *See* Case No. 09-bk-20888 (Bankr. N.D. Ill.). In that case he filed an emergency motion to impose the automatic stay, *see id.* at Dkt. No. 5, which was denied, *see id.* at Dkt. No. 8. The Debtor then filed another motion to impose the automatic stay which was continued and ultimately mooted by the dismissal of that case. *See id.* at Dkt. Nos. 9, 49. The case was dismissed because the Debtor failed to provide the trustee with required documents and failed to make his plan payments. *See id.* at Dkt. Nos. 34, 51.

With bankruptcy not working, Binion and Mahon went back to simply transferring around the Drexel Property. In May 2010 Binion transferred the Drexel Property to Mohan. *See* CCRD Doc. No. 1016101000. Shortly thereafter, the mortgage against Mahon was satisfied and released. *See id.* at Doc. No. 1100417007. But the mortgage executed by Binion in 2006 remained outstanding and the foreclosure proceeded.

6

In 2014 Mahon, who was then the record owner of the Drexel Property, placed a new mortgage against the property in the amount of $487,500. *See id.* at Doc. No. 1423355003. This appears to have been a reverse mortgage and the apparent cap on this mortgage was $487,500. In 2017, Mahon refinanced the reverse mortgage to increase the cap to $735,000, again secured by the Drexel Property. *See id.* at Doc. No. 1736246079.

In April 2019, the foreclosure based on Binion's 2006 mortgage had proceeded to trial and the state court ruled in favor of the bank. *See* Motion for Relief in rem, Case No. 19-bk-31685 (Bankr. N.D. Ill.), Dkt. No. 24. But that did not end things. Mahon then filed a chapter 7 bankruptcy case. *See id.* The mortgage holder then filed a motion for relief in rem due to all of the fraud, *see id.,* which the bankruptcy court granted, *see id.,* at Dkt. No. 30. But by this time the pandemic had halted proceedings and they remained sidelined almost entirely between 2020 and 2021.

But it appears things picked up again and in January 2022 Mahon again filed a bankruptcy case, this time under chapter 13. *See* Case No. 22-bk-00365 (Bankr. N.D. Ill.). Again, the mortgage holder owning the mortgage signed by Binion in 2006, and who had obtained a judgment in the foreclosure proceeding, objected to confirmation, as did the trustee, and the court denied confirmation. *See id.* at Dkt. No. 23. The case was then dismissed. *See id.* at Dkt. No. 25.

A couple weeks later Mahon filed again, but under chapter 7. *See* Case No. 22-bk-05954 (Bankr. N.D. Ill.). In her schedules she finally disclosed the mortgage Binion had provided and that had proceeded to judgment in the foreclosure, now with an

7

outstanding balance of over $1,000,000. *See id.* at Dkt. No. 1. She also disclosed her own reverse mortgage, now with a balance of $311,563.79. *See id.* at Dkt. No. 1. (How the bank that provided the reverse mortgage didn't discover that the property was already completely encumbered before providing that mortgage is a mystery). The original mortgage holder again sought relief from the stay, *see id.* at Dkt. No. 15, and the court granted it, *see id.* at Dkt. No. 21. Mahon was then granted a chapter 7 discharge. *See id.* at Dkt. No. 25.

But the original mortgage holder still sought foreclosure, and the City still needs to enforce its ordinances and collect on violations against the Drexel Property. So now Binion initiated his second spate of filings starting in September of 2022, only a month after Mahon's chapter 7 case was terminated. *See* Case No. 22-bk-11001 (Bankr. N.D. Ill.). Binion first case of 2022 was filed with no schedules or plan and was dismissed on October 31, 2022. *See id.* at Dkt No.18. The next case was filed on January 10, 2023, and dismissed on March 1, 2023. *See* Case No. 23-bk-00298 (Bankr. N.D. Ill.). That case was again filed with no schedules, statement of financial affairs, or plan and was quickly dismissed. *See id.* at Dkt. No. 16.

Here we are, almost 20 years after the Debtor (Binion) defaulted on his mortgage and after the City sought to enforce a significant number of ordinance violations with judgments against the Drexel Property. The Debtor and Mahon are still transferring the property back and forth and filing bankruptcy cases. Binion filed this case in April of this year with an expired creditor counseling certificate. *See* Case No. 23-bk-05260 at Dkt. No. 6. The Schedules are incorrect and incomplete, as is the plan and

8

statement of financial affairs. At the time of the filing Binion owed the City $147,412.27 for municipal code violations on multiple properties he owned. *See* Claims Reg. 3-1. The City has multiple liens against the Drexel Property and others.

Neither the City nor any of Binion's other creditors should be required to expend significant resources again to process all of these cases and bogus transfers, and again to file the same motions. As explained below, this case must be dismissed with a 3-year bar to refiling.

## II. <u>ARGUMENT</u>

### A. This Case Must Be Dismissed because the Debtor is Not Eligible.

Section 109(h) requires an individual to complete a briefing from an approved counseling agency within 180 days of filing or submit certification to the court that there were exigent circumstances and the debtor attempted but was unable to complete the course before filing. *See* 11 U.S.C. §§ 109(h)(1)-(3). The Debtor did not complete the required counseling within 180 days of filing his case as indicated on the Voluntary Petition that he signed under penalty of perjury. *See* Case No. 23-05260 at Dkt. No. 1. The Certificate of Counseling filed by the Debtor certifies that he received counseling on September 26, 2022, over 200 days before the petition date of April 21, 2023. *See id.* at Dkt. No. 6. Consequently, the Debtor was ineligible to proceed under Chapter 13 when the case was filed. Yet, as evidenced by the Debtor's history of cases, an outdated counseling certificate is the least worrisome aspect of this deficient filing.

### B. The Debtor's Bad Faith Filing Justifies a 3-Year Bar.

Pursuant to Section 1307 "on request of a party in interest or the United States

9

trustee and after notice and a hearing, the court . . . may dismiss a case under this chapter . . . for cause," including unreasonable delay by the debtor that is prejudicial to creditors. 11 U.S.C. § 1307(c)(1). The finding of a lack of good faith in filing the petition under § 1307(c) can lead to the dismissal and termination of the bankruptcy proceedings. *See Matter of Love*, 957 F.2d 1350, 1354 (7th Cir. 1992) (citing *In re Smith*, 848 F.2d 813, 816, n.3 (7th Cir. 1988)). Here, the Debtor has shown a lack of good faith in filing repetitive cases with no plan or ability to complete those cases, or even get past the initial stage of completing and filing the required paperwork. Consequently, this case should be dismissed for cause and bad faith.

A 3-year bar to refiling is also necessary. "Section 349(a) of the Bankruptcy Code authorizes bankruptcy courts to bar a debtor from refiling for cause, and § 105(a) authorizes courts to '"issue any order . . . that is necessary or appropriate to carry out the provisions of this title . . . or to prevent an abuse of process.'" *In re Lofton*, 2019 WL 7167992, at *2 (Bankr. N.D. Ill. Dec. 23, 2019) (Cassling, J.). "There is also no doubt that, under appropriate circumstances, the Court has the authority to bar certain debtors from filing new bankruptcy petitions for periods exceeding 180 days. While 180-day bars are the most common time period for such bars, the Seventh Circuit has held that courts may use § 105(a) to impose bars to refiling of longer than 180 days [.]" *Id.* (footnote omitted).

The Debtor and Mahon have abused the bankruptcy system for decades by transferring the Drexel Property back and forth and then using each other's bankruptcy cases to stay all enforcement efforts by their creditors. If a significant bar is not

10

imposed, the Debtor will just file another case within months. That is not to say that Mahon may not try to file again, and the City may seek appropriate remedies against her if she does.

Even if the Debtor had a valid creditor counseling certificate, this case could go nowhere. The Schedules are incomplete and inaccurate, as is the SoFA. The plan is nowhere close to being confirmable and no amendments have been made to cure the obvious issues.

A few other issues must also be noted. The Debtor failed to disclose information in the instant bankruptcy filing. He failed to disclose the other name he goes by, Babalawo Afonja Obafemi, and his interest in IFA Open Knowledge of the Birth Canal Priest of Humanity that was identified in prior filings. *See* Case 23-bk-00298, Dkt. No. 1. That entity is registered with the State of Illinois and the Debtor is its registered agent. There are also a number of webpages that promote the Debtor's work as Babalawo Afonja Obafemi, and solicit funds. *See* https://babaafonjaobafemi.com/; https://ifaopenknowledge.org/. Nor does the Debtor mention any ownership interest in copyrights, trademarks, or intellectual property despite the existence of the Debtor's YouTube channel, https://youtu.be/q0s9Q8BrUbE, and his interest in a movie which he has discussed in the press. *See* article attached as **Exhibit C**. The Debtor also failed to disclose in his SoFA non-employment income and information regarding loans for the Paycheck Protection Program that he received in 2020 and 2021.

The actions of the Debtor have adversely affected the City and other creditors. The

11

Debtor has demonstrated a lack of forthrightness with creditors and the Court by failing to complete schedules, conclude his Meeting of Creditors, and propose a feasible repayment plan. All of this suggests that the Debtor filed this case merely to delay creditors collection efforts without offering any viable solution or taking any steps to move the case forward.

The Debtor simply fails to acknowledge that he has an obligation in his bankruptcy cases to this Court and to his creditors to comply with the rules and Code provisions and do so in a timely manner. It is clear here that the Debtor is abusing the bankruptcy process and there must be consequences.

### III. CONCLUSION

The Debtor's successive bogus filings with substantial deficiencies and inaccuracies constitute cause for dismissing this case, as does the fact that Binion is ineligible to be a debtor in the first place. The Debtor's abuse of the bankruptcy process must come to an end for the foreseeable future. For the foregoing reasons, the Debtor's case must be dismissed with a 3-year bar to refiling.

Dated: June 8, 2023

David Paul Holtkamp
Chief Assistant Corporation Counsel
Jaime Dowell (ARDC# 6281312)
Assistant Corporation Counsel
City of Chicago Department of Law
121 N. LaSalle St., Ste. 400
Chicago, IL 60602
312-742-0056
jaime.dowell@cityofchicago.org

Respectfully Submitted,

THE CITY OF CHICAGO
Acting Corporation Counsel
Mary B. Richardson-Lowry

By: /s/ Jaime Dowell
　　Assistant Corporation Counsel

12